**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KEITH BAKER,**

    **Plaintiff,**                     **CIVIL ACTION NO. 09-CV-11424**

    vs.

                                     **DISTRICT JUDGE DAVID M. LAWSON**

**THE SALVATION ARMY,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION:**      Defendant Salvation Army's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (docket no. 13) should be GRANTED and this action should be DISMISSED with prejudice.

**II. REPORT:**

    *1.  Procedural History and Facts*

Plaintiff filed the instant Complaint on April 16, 2009. (Docket no. 1). On April 28, 2009 Plaintiff was allowed to proceed *in forma pauperis*. (Docket no. 5). Plaintiff's initial application to proceed *in forma pauperis* did not include a request for service of the summons and complaint by a United States Marshal. (Docket no. 2). Following Plaintiff's response to this Court's Order To Show Cause Why Defendant Salvation Army Should Not Be Dismissed Pursuant To Fed. R. Civ. P. 4(m), the Court allowed an additional ninety days for service and directed the Clerk to issue a summons for service by the United States Marshal. (Docket nos. 8, 11). Service was attempted via Priority Mail with Delivery Confirmation on Defendant Salvation Army at the only address that

-1-

Plaintiff provided, 45250 Northpoint, Utica, Michigan, 48315.  (Docket nos. 1, Text-Only Notice dated September 28, 2010).

Defendant filed a Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(b)(5) and 12(b)(6) on August 3, 2010.  (Docket no. 13).  On August 5, 2010, the Court entered an Order For Submission And Determination Of Motion Without Oral Hearing which stated that a response with written brief was to be filed on or before August 31, 2010.   (Docket no. 14).  The Order was served upon Keith Baker at his address of record, 17615 Hoover Street, Detroit, Michigan 48205.  (Docket no. 14 and Text entry dated August 5, 2010).  Plaintiff did not file a response.  This matter was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  (Docket no. 4).  The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e).  Defendant's motion is now ready for ruling.

Plaintiff's Complaint is a form issued by this Court entitled Complaint And Motion For Other Relief.  (Docket no. 1).  The form Complaint states in the first paragraph that the action is "brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination. Jurisdiction is specifically conferred on this Court under 42 U.S.C. § 2000e-5."  (Docket no. 1).  The Complaint also includes Plaintiff's address, the address of The Salvation Army where he was "employed or sought employment" and an allegation that the "alleged discriminatory acts" occurred from March 10, 2008 to December 16, 2008.  The Complaint also indicates that Defendant's conduct is discriminatory based upon race.  (Docket no. 1).  The remainder of the form is incomplete and/or blank, including the section which asks what conduct the complaint concerns: failure to employ, failure to promote, termination of employment or "other acts" requiring an explanation.  (Docket no. 1).   Defendant

asks the Court to dismiss Plaintiff's Complaint with prejudice because service of process was insufficient pursuant to Fed. R. Civ. P. 12(b)(5) and the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8 and 12(b)(6).

### *2. Standard of Review*

A party may assert by motion the defenses that service of process was insufficient and that the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(5), (6). Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *See id*. The Court does not have to accept as true unwarranted factual inferences or legal conclusions. *See id*.

### *3. Analysis*

**a. Sufficiency Of Service Of Process**

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Defendant argues that Plaintiff's Complaint and Summons were received on July 20, 2010 at one of the Salvation Army's thrift stores and not at a principal corporate office or location of its resident agent. Furthermore, the envelope was mailed via U.S. First Class priority Mail addressed to "Salvation Army" and not directed to, or served upon an individual, officer or resident agent of The Salvation Army.

A domestic corporation in a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state

-3-

where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)1)(A). Under Michigan law, a private corporation may be served by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporate officer." MCR 2.105(D)(4). A copy must also be sent to the Michigan Corporation and Securities Bureau in certain circumstances, none of which apply here where Defendant shows that The Salvation Army is an "active" entity and has a main office and headquarters, registered officer and resident agent listed with the State of Michigan. (Docket no. 13-5).

Plaintiff proceeds in forma pauperis and the service was attempted by the United States Marshal Service.

> Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (where the plaintiff had provided the court with the name and address of the Secretary of the Army yet the clerk's office failed to serve the plaintiff's process)(citing *Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir.1995)). The U.S. Marshals attempted service using the identity and address of The Salvation Army which Plaintiff provided. The Summons and Complaint were sent to a branch store, not the corporation or a corporate officer.

The cases which this Court has reviewed in relation to a U.S. Marshal making service on behalf of a plaintiff with in forma pauperis status most often arise in the context of prisoner litigation. In *Graham v. Satkoski*, the court noted its prior holding that "the prison need furnish the Marshals Service only with information necessary to identify the defendants" and "once the former prisoner employee [defendant] is properly identified, the Marshals Service should be able to

ascertain the individual's current address and, on the basis of that information, complete service." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). In *Graham* the court noted that "use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result." *Id*.

The Court acknowledges its duty to effect service pursuant to 28 U.S.C. § 1915. A plaintiff may not, however, remain silent and do nothing to effectuate service. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 943 (E.D. Mich. 2004) (finding that the plaintiff "is at fault for not ensuring that Defendants . . . were served. Plaintiff remained silent after being put on notice that these Defendants had not been served."). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* (citation omitted).

Taking the circumstances in their totality, the Court finds that Plaintiff has not taken reasonable steps to properly identify Defendant and provide information for service. There is a distinction from much of the case law in that Plaintiff is not a prisoner and is not so limited in his ability to provide the appropriate identity and address of Defendant for service of process. The concerns that arise in prisoner litigation are not present here. As set forth above, Plaintiff did not initially request that service be completed by the U.S. Marshals and Plaintiff failed to serve Defendant within the time for service under Fed. R. Civ. P. 4(m). (Docket no. 2). After the Court ordered Plaintiff to show cause for failure to serve Defendant, the Court extended the time for

service by an additional ninety days and ordered the Clerk to issue the summons for service by the Marshals. (Docket no. 11).

After Defendant filed and served its Motion to Dismiss, which sets forth the basis for dismissal, including insufficient service, the Court sent Plaintiff an Order setting a response time. Both Defendant's Motion To Dismiss and the Court's Order were served on Plaintiff at his most recent address of record: 17615 Hoover Street, Detroit, Michigan 48205. Plaintiff remained silent, failing to file a response or make any other attempt to address the issues raised in Defendant's Motion To Dismiss. For these reasons, the Court finds that service on Defendant was insufficient and did not comply with Fed. R. Civ. P. 4(h) or M.C.R. 2.105(D). This is not, however, the sole basis on which the undersigned recommends granting Defendant's Motion to Dismiss.

**b.     Whether Plaintiff's Complaint States A Claim For Relief**

Defendant also moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and because it does not comply with Fed. R. Civ. P. 8. Rule 8, Fed. R. Civ. P., states that a "pleading that states a claim for relief must contain . . .a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As Defendant argues in its brief that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 ( 2007).

The Court is mindful that pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). "A discrimination complaint need only meet the 'short and plain statement' requirement of

Fed.R.Civ.P. 8(a), and need not allege all of the facts required to support a prima facie case. . . . A complaint meets the requirements of Rule 8(a) if it gives the defendant fair notice of the basis for the plaintiff's claims." *Pringle v. American Red Cross*, 79 Fed. Appx. 184 (6th Cir. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-14, 122 S.Ct. 992 (2002)).

The requirements for a prima facie case of discrimination require the plaintiff to show that he: (1)"was a member of a protected class," (2) was discharged, (3) "was qualified for the position," and (4) "was replaced by a person outside the class." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992). "[A] plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that "a comparable non-protected person was treated better." *Id.* The Sixth Circuit has required that for a claim of disparate treatment, "the plaintiff must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." *Id* at 582-83.

In *Pringle v. American Red Cross*, the Sixth Circuit found that Pringle met the notice pleading requirements for her discrimination claim where she showed that she was a black female, terminated from her employment and she alleged that white employees were treated more favorably. *See Pringle*, 79 Fed. Appx. at 185. The Sixth Circuit concluded that although Pringle did not allege all of the elements of a prima facie case and did not set forth the relief she sought, "her complaint was sufficient to give the defendant fair notice of the basis for her claim." *Id.*

Plaintiff's complaint is insufficient to notify the Defendant of the conduct of which he complains. Portions of Plaintiff's Complaint are not completed, including section nos. 7, 8, and 9. Section 9 is relevant in that Plaintiff has not alleged whether Defendant failed to employ him,

terminated him, failed to promote him or engaged in other acts (with a required explanation). (Docket no. 1). The Complaint And Motion For Other Relief requires Plaintiff to attach a copy of his charge to the Equal Employment Opportunity Commission (EEOC), which should have been "submitted as a brief statement of the facts of this claim." (Docket no. 1 p. 2). Plaintiff attached the Dismissal and Notice of Rights letter from the EEOC, but not the charge, so there is no summary of facts regarding the claim. Plaintiff's Complaint does not give Defendant fair notice of Plaintiff's claim. The Complaint does not allege that Plaintiff was a member of a protected class (other than the check mark indicating that the allegedly discriminatory conduct was based on race), it does not allege the conduct in which Defendant engaged, including disparate treatment, failure to hire or promote or termination, and it does not allege whether and how Plaintiff was "treated differently than similarly-situated non-minority employees."

"Although the Plaintiff is proceeding pro se, the Court should not have to guess or surmise facts in order to sustain the Plaintiff's claim when the claim is challenged via a motion to dismiss." *Duckett v. State*, 2010 WL 3732192 (M.D. Tenn. Sept. 20, 2010); *see also* 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that – (B) the action . . . (ii) fails to state a claim on which relief may be granted."). Plaintiff's Complaint does not state a claim upon which relief can be granted and should be dismissed. Fed. R. Civ. P. 8(a)(2), 12(b)(6). Plaintiff's Complaint should be dismissed with prejudice because Plaintiff has been ordered to show cause once already in this action for his failure to timely serve Defendant and he has failed to file a response to Defendant's Motion to Dismiss or otherwise address the issues raised therein.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 6, 2011                         s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Keith Baker at 17615 Hoover Street, Detroit, MI 48205 and Counsel of Record on this date.

Dated: January 6, 2011                    s/ Lisa C. Bartlett
                                                   Case Manager