UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BAKER,

        Plaintiff,                      Case No. 09-11424
                                                    Honorable David M. Lawson

v.                                                          Magistrate Judge Mona K. Majzoub

THE SALVATION ARMY,

        Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

The matter is before the Court on objections to the report and recommendation filed by Magistrate Judge Mona K. Majzoub recommending that the defendant's motion to dismiss be granted. The plaintiff commenced this action by filing a *pro se* complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. The Court entered an order referring the case to the magistrate judge to conduct all pretrial matters. Thereafter, the defendant filed its motion to dismiss alleging improper service of process and failure to state a claim upon which relief may be granted. Judge Majzoub filed her report on January 6, 2011. The plaintiff timely filed an objection and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge's conclusions are correct. Therefore, the Court will overrule the objections, adopt the report and recommendation, and grant the defendant's motion to dismiss with prejudice.

I.

The plaintiff filed his complaint on April 16, 2009, together with a motion to proceed *in forma pauperis* and for appointment of counsel. His pauper application was granted and his motion for appointment of counsel was denied on April 28, 2009.

The plaintiff's complaint was submitted on a form issued by the district court that states in the first paragraph that the action is "brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination. Jurisdiction is specifically conferred on this Court under 42 U.S.C. § 2000e-5." Compl. ¶ 1. The complaint contains a number of form fields that a plaintiff must complete with the information relevant to his claim. The plaintiff filled in his name, address, the date, the name and address of the place of employment where the alleged discrimination occurred, and the dates between which the alleged discrimination occurred. He wrote that his employer's conduct was discriminatory based upon race. The plaintiff left a number of fields blank, including those inquiring whether he had filed his charges with the Michigan Civil Rights Commission or with the Equal Employment Opportunity Commission (EEOC). The plaintiff also left blank a field that inquired whether the offending acts concerned a failure to employ, failure to promote, termination of employment, or other conduct. Attached to the complaint is a letter from the EEOC to the plaintiff dated March 3, 2009, indicating that based upon its investigation, "the EEOC is unable to conclude that the information obtained establishes violations of the statutes," and informing him of his right to sue within ninety days of his receipt of the notice.

The plaintiff's initial application to proceed *in forma pauperis* did not include a request for service of the summons and complaint by a United States Marshal. According to Federal Rule of Civil Procedure 4(m), service and summons was to have been made no later than September 7, 2009, that is, 120 days after the complaint was filed. On October 28, 2009 the magistrate judge ordered the plaintiff to show cause why the case should not be dismissed for failure to effectuate service of process within the prescribed time limit. The plaintiff's response set forth allegations related to his

claims but not addressing his failure to serve the defendant timely. The magistrate judge permitted an additional ninety days for service under Rule 4(m), recognizing that the plaintiff was acting *pro se* so his papers were allowed a liberal construction and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The magistrate judge further ordered that service was to be made by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Service was attempted by the United States Marshal via priority mail with delivery confirmation upon the defendant at the address provided by the plaintiff in his complaint: Salvation Army, 45250 Northpoint, Utica, Michigan, 48315.

On August 3, 2010, the defendant filed a motion to dismiss alleging insufficient service of process and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(5), (b)(6). Two days later, on August 5, 2010, the magistrate judge entered an Order for Submission and Determination of Motion Without Oral Hearing, which stated that "[a] Response, including a written brief, is to be filed on or before August 31, 2010." Dkt # 14, Order for Submission. The plaintiff failed to file a response. On January 6, 2011 the magistrate judge filed a report recommending that the defendant's motion to dismiss be granted and the case dismissed with prejudice.

The plaintiff timely filed an objection to the report and recommendation, which stated in part:

> I would like to file a motion with an objection to the Defendant[']s motion to dismiss my case. My stand in regards to my wrongful dismissal of employment from the Salvation Army was primarily inspired by racism . . . .

> The devastating effect that this situation has had on my life has been overwhelming. I have experienced unemployment and homelessness as a direct result of my wrongful dismissal of gainful employment at the Salvation Army.
>
> Please allow me the opportunity to move forward with this case so that justice will continue and prevent citizens from suffering at the hands of racist individuals within the work place.

Dkt # 16, Pl.'s Objs. to Report & Recommendation.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The plaintiff's objections do not address the substance of the magistrate's report or take issue with its legal pronouncements.

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines*, 404

U.S. at 520.  Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).  To plead a case under the current regime, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief.  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

The plaintiff's complaint states no facts.  The plaintiff has not made an effort to follow the rules by describing the nature of his grievance against the defendant or providing enough notice so that the defendant can defend against the claim.  His objections do not address the defects identified by the magistrate judge.  The Court must therefore conclude that the plaintiff has waived his right to object to the substance of the report.  Moreover, after examining the record, the Court agrees with the magistrate judge that the defendant's motions should be granted.

III.

The plaintiff has not provided sufficient reason to dispute the correctness of the magistrate judge's conclusions.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #16] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #13] is **GRANTED** and the complaint is **DISMISSED with prejudice**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 30, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2011.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL